EXHIBIT A

| | |
|---|---|
| **DISTRICT COURT, DENVER COUNTY, STATE OF COLORADO**<br><br>1437 Bannock Street, Room 256<br>Denver, Colorado 80202<br>(303) 606-2300 | DATE FILED<br>September 25, 2025 2:38 PM<br>FILING ID: DEA9B60DDFA18<br>CASE NUMBER: 2025CV33433<br><br>□ **COURT USE ONLY** □ |
| **Plaintiff: KAREN GOLDENBERG, individually and as surviving spouse of RICHARD GOLDENBERG, deceased, JOSEPHINE D. GOLDENBERG, CONSTANCE D. GOLDENBERG, LORRAINE D. GOLDENBERG, AND ALICE D. GOLDENBERG, the natural children of RICHARD GOLDENBERG, deceased**<br><br>**v.**<br><br>**Defendants: ISAAC BAGBIN, an individual, and UBER TECHNOLOGIES, INC., a Delaware corporation authorized to do business in Colorado** | Case Number:<br><br>Div: |
| ***Attorneys for Plaintiff:***<br>Daniel E. Becnel, III, #39678<br>Kathryn Becnel, #39677<br>***BECNEL LAW***<br>425 West Airline Highway, Suite B<br>LaPlace, LA 70068<br>And<br>1395 Sierra Vista Drive<br>Aspen, CO 81611<br>Telephone: (985) 651-6101<br>becket@becnellaw.com<br>kathryn@becnellaw.com | |

**COMPLAINT AND JURY DEMAND**

Plaintiffs, by and through undersigned counsel, states their Complaint against Defendants as follows:

EXHIBIT A

## I. PARTIES

1) Plaintiff, Karen Goldenberg ("Karen"), is the surviving spouse of Richard Goldenberg, ("Decedent") and, at all relevant times, was a resident of Louisiana. Plaintiffs bring this action pursuant to C.R.S. § 13-21-201, et seq. ("Colorado Wrongful Death Act").

2) Decedent, Richard Goldenberg, was, at all relevant times prior to his death, a resident of Louisiana.

3) Plaintiffs, Josephine D. Goldenberg, Constance D. Goldenberg, Lorraine D. Goldenberg, and Alice D. Goldenberg (collectively, the "Children"), are the natural children of the Decedent and were minors at the time of the accident giving rise to this action.

4) Defendant, Isaac Bagbin ("Bagbin"), is an individual residing in Colorado who, at all times, was operating as an Uber driver transporting passengers for hire in Denver, Colorado.

5) Defendant, Uber Technologies, Inc. ("Uber"), is a Delaware corporation authorized to do business in Colorado, with its principal place of business in San Francisco, California. At all relevant times, Uber was engaged in the business of providing transportation services to the public through its mobile application platform.

## II. JURISDICTION AND VENUE

6) Jurisdiction is proper in this Court pursuant to Colo. Const. art. VI, § 9, and C.R.S. § 13-1-124, in that Defendants reside and/or conduct business in Colorado and the acts and omissions giving rise to this action occurred within the State of Colorado.

7) Venue is proper in the District Court for the City and County of Denver pursuant to C.R.C.P. 98, as the events giving rise to this claim occurred within Denver County.

EXHIBIT A

## III. FACTUAL ALLEGATIONS

8) On or about September 28, 2023, Decedent, was a fare-paying passenger in a vehicle operated by Bagbin, after being picked up from Denver International Airport and en route to a hotel in Downtown Denver for a scheduled meeting.

9) At all times relevant, Bagbin was acting within the course and scope of his employment, agency, and/or contractual relationship with Uber, which received compensation for the trip and provided the platform through which the transportation service was arranged.

10) During said transport, Decedent experienced a medical emergency, advised Bagbin that he was not feeling well, and requested assistance.

11) While on the telephone with his wife, Karen, Decedent lost consciousness.

12) Karen, who was on the telephone line, urgently pleaded for Bagbin to summon emergency medical services.

13) Bagbin did not speak or understand English proficiently, which created a significant communication barrier when Decedent began experiencing his medical emergency.

14) Because of Bagbin's lack of English proficiency, he was unable to effectively understand Decedent's requests for help or Karen's pleas over the telephone, causing further delay in contacting emergency medical services.

15) Bagbin allowed approximately fourteen (14) minutes to elapse before EMTs arrived on the scene.

16) As a result of Bagbin's failure to act reasonably and timely, Decedent was pronounced deceased.

17) At all times relevant, Uber owed a duty to its passengers to use reasonable care in screening, supervising, and training its drivers to ensure passenger safety, particularly in medical emergencies.

18) Uber breached this duty by failing to adequately train, instruct, and supervise its drivers, including Bagbin, regarding how to respond to medical emergencies during rides.

19) As a direct and proximate result of Defendants' conduct, Plaintiffs' have suffered severe and permanent damages as the surviving spouse and natural children of the Decedent, including grief, loss of companionship, emotional distress, loss of parental guidance, and economic losses.

**IV. CAUSES OF ACTION**

**COUNT I – WRONGFUL DEATH (C.R.S. § 13-21-201)**

20) Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

21) Bagbin owed Decedent a duty of care as a driver for hire to exercise the highest degree of care and to take reasonable steps to secure emergency medical assistance when confronted with a passenger experiencing a medical emergency.

22) Bagbin breached this duty by failing to timely call 911 or otherwise render or obtain aid for Decedent.

23) As a direct and proximate result of Bagbin's breach of duty, Decedent suffered fatal injuries, and Plaintiffs sustained damages recoverable under the Colorado Wrongful Death Act.

24) Uber is vicariously liable for the acts and omissions of Bagbin under the doctrine of respondeat superior, agency, and/or joint enterprise, as Bagbin was acting within the course and scope of his duties while providing transportation through Uber's platform.

**COUNT II – NEGLIGENCE (Against Bagbin)**

25) Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

26) Bagbin owed a duty of reasonable care to Decedent as a passenger and fare-paying customer.

27) Bagbin breached that duty by failing to act as a reasonably prudent person would under the circumstances, including but not limited to unreasonably delaying emergency medical assistance.

28) Bagbin's breach was the direct and proximate cause of Decedent's death and Plaintiffs' resulting damages.

**COUNT III – NEGLIGENCE (Against Uber)**

29) Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

30) Uber owed a duty to its passengers, including Decedent, to use reasonable care in selecting, training, and supervising its drivers.

31) Uber breached this duty by, inter alia:

a) Failing to properly train drivers to respond to passenger medical emergencies;

b) Failing to supervise drivers in accordance with industry standards;

c) Prioritizing expediency and profits over passenger safety; and

d) Allowing drivers with inadequate English-language proficiency to transport passengers, despite the foreseeable risk of delayed or ineffective emergency response.

32) Uber's breach was a direct and proximate cause of Decedent's death and Plaintiffs damages.

**V. DAMAGES**

33) As a result of Defendants' conduct, Plaintiffs have suffered damages including but not limited to:

a) Loss of love, affection, companionship, comfort, and society of their husband and father;

EXHIBIT A

b) Grief, sorrow, and emotional distress;

c) Loss of financial support, services, parental guidance, and household contributions; and

d) Funeral, burial, and related expenses.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendants, jointly and severally, as follows:

1) For all damages recoverable under the Colorado Wrongful Death Act and common law negligence;

2) For compensatory damages in an amount to be proven at trial;

3) For pre-judgment and post-judgment interest as allowed by law;

4) For costs and expenses incurred herein;

5) For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted this 25th day of September, 2025.

***/s/ Daniel E. Becnel, III***
Daniel E. Becnel, III (Bar No. 39678)
*Becnel Law*
425 West Airline Highway, Suite B
LaPlace, LA 70068
And
1395 Sierra Vista Drive
Aspen, CO 81611
(985) 651-6101
becket@becnellaw.com

***/s/ Kathryn Becnel***
Kathryn Becnel (Bar No. 39677)
*Becnel Law*
425 West Airline Highway, Suite B
LaPlace, LA 70068
And
1395 Sierra Vista Drive
Aspen, CO 81611
(985) 651-6101
Kathryn@becnellaw.com

EXHIBIT A

In accordance with C.R.C.P. 121 § 1-29(9) a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request.

**Certificate of Service**

I hereby certify that on this 25th day of September, 2025, I electronically filed the foregoing with the Clerk of Court by using the ICCES System, which will send a notice of electronic filing to all counsel of record.

***/s/ Daniel E. Becnel, III***
Daniel E. Becnel, III
(Original Signature on File)

***/s/ Kathryn Becnel***
Kathryn Becnel
(Original Signature on File)